UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROBERT JONES                                                                                                   PLAINTIFF

v.                                                                                          CIVIL ACTION NO. 3:16-CV-530-GNS

COMMISSIONER OF SOCIAL SECURITY                                                        DEFENDANT

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

### FINDINGS OF FACT

This matter is before the Court on its own motion to address the failure of the pro se plaintiff, Robert Jones, to prepare the required summons needed to ensure proper service of his complaint as required by Rule 4 of the Federal Rules of Civil Procedure. On August 17, 2016, Jones filed a pro se complaint against the Commissioner of Social Security to obtain review of an adverse disability decision that denied his claim for Social Security disability benefits. (DN 1).

Along with his complaint, Jones included three copies of a summons directed to US Atty. Gen., Loretta Lynch, US Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, DC 40530. He did not, however, prepare summons to the Commissioner of Social Security, Social Security Administration, Office of Regional Chief Council, 200 W. Adams Street, 30th Floor, Chicago IL 60606; nor did Jones prepare summons to the local United States Attorney, 717 W. Broadway, Louisville, KY. 40202.

1

Because Jones did not prepare the required summons to the Commissioner and the local US Attorney, the Office of the Court Clerk served him a notice of deficiency on the same date on which Jones filed his Complaint. (DN 4, Notice). The notice included summons forms for Jones to complete and advised him that if he did not return the completed forms to the Clerk within 30 days, his failure to do so would be brought to the attention of the Court. Jones did not respond to the deficiency notice in any manner reflected in the record.

The undersigned subsequently entered a separate order on October 4, 2016 (DN 5, Order) to alert Jones of the need to provide the Court promptly with the additional summons before November 17, the date within ninety days after he filed his complaint on August 17, or face the possibility that his complaint would be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Jones once again did not respond to the Order nor attempt any showing of good cause.

Although the Court, by operation of Rule 4(m), could have recommended dismissal of the action without prejudice, it determined that the better course under the circumstances was to afford the Plaintiff, who is proceeding pro se, a final 30-days in which to complete and return to the Office of the Clerk the summons to the Commissioner of Social Security and the local U.S. Attorney as provided. (DN 6, Order). The Court emphasized in its December 14 Order that Plaintiff's failure to comply with the Rule would result in the dismissal of his complaint without prejudice pursuant to Fed.R.Civ.P. 4(m) a circumstance that might adversely affect his ability to timely refile his complaint. Once again Plaintiff took no action within the 30-day extended time period to obtain service of summons.

## **CONCLUSIONS OF LAW**

Rule 4(m) of the Federal Rules of Civil Procedure governs the time limit for service of process. It provides that if a defendant is not served within 90 days after the complaint is filed the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice. Fed.R.Civ.P. 4(m). When a plaintiff demonstrates good cause for his violation of the Rule, however, the Court may extend the time for service. *See gen Hunt v Smith,* 67 F. Supp. 675, 684-85 (E.D. Texas 1999)( "Rule 4(m) of the Federal Rules of Civil Procedure provides for dismissal of a case in which service is not accomplished within …[90] days unless good cause is shown for failing to effect service within that time period."); *In re Bavelis*, 453 B.R. 832, 864-66 (S.D. Ohio 2011)(same). Due process requires proper service of summons and when a Plaintiff fails to obtain service the Court does not obtain *in personam* jurisdiction over the unserved defendant(s). *Van Buren v Ohio Dep't. of Public safety*, 996 F. Supp.2d 648, 670 (S.D. Ohio 2014).

The standard of good cause under Rule 4(m) is distinct from the stand for excusable neglect. *In re Southern Indus. Banking Corp*, 205 B.R. 525, 533-34 (E.D. Tenn. 1996). Inadvertent or half-hearted efforts to service process on a defendant will not satisfy the requirement of Rule 4. *Friedman v. Estate of Presser*, 93 F.3d 1151, 1157 (6th Cir. 1991). Merely because the defendant will not be prejudiced by belated service does not mean that good cause has been shown. *Moncrief v. Stone*, 961 F.3d 595, 597 (6th Cir. 1992).

Here, Jones has made no attempt to show good cause, or even to respond, despite repeated warnings from the Court and the Office of the Clerk. Accordingly, we must recommend that his complaint be dismissed without prejudice to his opportunity to refile it. As *Hunt* explains, however, "the "without prejudice" condition of the dismissal order only permits a

3

plaintiff to refile the complaint as if it had never been filed. Such a Rule 4(m) dismissal does not permit a Plaintiff to refile without the consequences of resulting time defenses, such as the statute of limitations." *Id*. at 685(citing *Redding v. Essex Crane Rental Corp. of Alabama*, 752 F.2d 1077 (5th Cir.1985)). Accordingly, the Court shall recommend dismissal without prejudice given the failure of the Plaintiff to obtain service of summons so as to bring the Defendant before the *in personam* jurisdiction of the Court.

## **RECOMMENDATION**

The Magistrate Judge having made findings of face and conclusions of law, hereby recommends, pursuant to Rule 4(m) and the above cited judicial authority, that the complaint of the Plaintiff be dismissed without prejudice due to the failure of the Plaintiff to show good cause for his failure to obtain service of summons within 90-days.

## **NOTICE**

Within fourteen (14) days after being served a copy of these proposed Findings and Recommendation, any party who wishes to object must file and serve written objections or further appeal is waived. *Thomas v. Arn,* 474 U.S. 140, 150-51 (1985); *United States v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981); 28 U.S.C. § 636(b)(1)(c); Fed. R. Crim. P. 59(b)(2)

Copies to Defendant and Counsel of Record